UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-23099-BLOOM
(Case No. 20-cr-20221-BLOOM)

LUIS LEONARDO SUAREZ SERRA,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court on Movant Luis Leonardo Suarez Serra's *pro se* Motion Under 28 U.S.C. § 2255, ECF No. [1], raising ineffective assistance of counsel challenges to his underlying criminal conviction in case number 20-cr-20221-BLOOM. The Court has carefully considered the Motion, the Government's Response, ECF No. [6], the applicable law, and is otherwise fully advised.[1] For the reasons set forth below, the Motion is dismissed as untimely.

I.    **BACKGROUND**

In November 2020, Movant was charged by information with money laundering in violation of 18 U.S.C. § 1956(h). *See generally* CR ECF No. [8].[2] On November 2, 2021, Movant entered into a plea agreement with the Government and pleaded guilty to the charge listed in the Information. *See generally* CR ECF No. [20]; *see* CR ECF No. [19]. The Court signed and entered Movant's judgment on April 21, 2021, CR ECF No. [31]. Movant did not file a direct appeal.

---

[1] Movant's reply was due on or before September 29, 2023. *See* ECF No. [3] at 1. To date, Movant has not filed a reply or requested additional time to do so.
[2] References to docket entries in Movant's criminal case, case number 20-20221-CR-BLOOM, are denoted with "CR ECF No."

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a movant must file their § 2255 motion within a one-year period that runs "from the latest of" the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "A conviction ordinarily becomes final when the opportunity for direct appeal of the judgment of conviction has been exhausted." *Akins v. United States*, 204 F.3d 1086, 1089 n.1 (11th Cir. 2000) (citation omitted). As relevant here, a criminal defendant has fourteen days to file a notice of appeal after "the entry of either the judgment or the order being appealed[.]" Fed. R. App. P. 4(b)(1)(A).

## III. DISCUSSION

### A. The Motion is Untimely

Movant does not assert that an unconstitutional State-created impediment to filing his Motion existed, that his claims are based on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence. Accordingly, the Court measures the timeliness of the Motion from the remaining trigger, which is the date Movant's judgment of conviction became final.

Movant's judgment became final on May 6, 2021, after the fourteen days to file an appeal elapsed. *See Akins*, 204 F.3d at 1089 n. 1; Fed. R. App. P. 4(b)(1)(A); *see also* Fed. R. Civ. P

6(a)(1) ("When the period is stated in days or a longer unit of time . . . exclude the day of the event that triggers the period . . . ."). With such being the case, Movant had until May 6, 2022, to file a § 2255 motion. *See Griffith v. Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1289 n. 1 (11th Cir. 2007) (noting that the limitations period should be calculated using "the anniversary date of the triggering event"). Movant filed the instant Motion on July 30, 2023—450 days after his federal limitations period expired.[3] Therefore, the Motion is untimely.

    **B.**     **Equitable Tolling**

"If a defendant files a petition for a federal writ of habeas corpus beyond the one-year limitation period, the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) ("§ 2255's period of limitations may be equitably tolled").[4] A § 2255 movant is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quotation marks and citation omitted). "The diligence required for equitable tolling purposes is reasonable diligence," and under the extraordinary-circumstance prong, a movant must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin*, 633 F.3d at 1267 (quotation marks and citations omitted).

---

[3] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted); *see also United States v. Glover*, 686 F.3d 1203, 1205 (11th Cir. 2012) ("Unless there is evidence to the contrary, like prison logs or other records, we assume that a prisoner's motion was delivered to prison authorities on the day he signed it.") (citation omitted)).

[4] Movant does not mention the actual innocence exception to the bar on untimely habeas motions, nor does his Motion suggest that he intended to raise this exception. *See generally McQuiggin v. Perkins*, 569 U.S. 383 (2013) (discussing actual-innocence exception).

Movant states that he is entitled to equitable tolling because: (1) he is unable to read or write English, (2) he is a foreign national,[5] and (3) his attorney did not advise him to file a § 2255 motion. Movant's arguments fail to convince.

As an initial matter, Plaintiff fails to describe any action he took to mitigate the adverse effects of the purportedly extraordinary circumstances impeding his ability to file a timely § 2255 motion. Without any information, the Court cannot determine whether Movant was diligently pursuing his rights. *See Dodd v. United States*, 365 F.3d 1273, 1283 (11th Cir. 2004) ("Simply put, [movant] has not shown with any degree of particularity what efforts he made that would even arguably constitute an appropriate degree of diligence for someone in his situation."), *aff'd*, 545 U.S. 353 (2005).

Next, even if Movant established that he was diligently pursuing his rights, none of the circumstances Movant describes have been held to be sufficiently extraordinary to warrant equitable tolling. First, Movant's difficulties with the English language do not justify equitable tolling. *See United States v. Montano*, 398 F.3d 1276, 1280 n.5 (11th Cir. 2005) (noting that "inability to read and speak English is not in itself a sufficient basis for equitabl[e] tolling" (citing *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002))). Further, neither a movant's ignorance of the law nor his *pro se* status constitute "extraordinary circumstances" supporting equitable tolling. *See Johnson v. United States*, 544 U.S. 295, 311 (2005) (stating that "the Court has never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness.").

---

[5] The Court construes this claim as Movant's attempt to argue that he is entitled to equitable tolling because he is ignorant of the law.

Movant fails to establish that he is entitled to the "extraordinary remedy" of equitable tolling. *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (subsequent history omitted); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (stating that "a litigant seeking equitable tolling bears the burden of establishing" his entitlement). Thus, the Motion is properly dismissed as time barred.

### C. Certificate of Appealability

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the Court denies claims on procedural grounds, a certificate of appealability should issue if "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Jurists of reason" would not find the Court's procedural ruling "debatable." *Id*. Consequently, a certificate of appealability is denied.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Movant's Motion Under 28 U.S.C. § 2255, **ECF No. [1]**, is **DISMISSED** as time barred.

2. A certificate of appealability is **DENIED**. Because there are no issues with arguable merit, an appeal would not be taken in good faith; thus, Movant is not entitled to appeal *in forma pauperis*.

3. To the extent not otherwise disposed of, any pending motions are **DENIED AS MOOT** and all deadlines are **TERMINATED**.

Case No. 23-cv-23099-BLOOM

4. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 23, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Luis Leonardo Suarez Serra, *PRO SE*
21061-104
Allenwood Low
Federal Correctional Institution
Inmate Mail/Parcels
Post Office Box 1000
White Deer, Pennsylvania 17887